Charles Edward BROWN, Appellant,

v.

STATE of Alaska, Appellee.

No. 3476.

Supreme Court of Alaska.

July 7, 1978.

---

William D. Artus, Anchorage, for appellant.

William D. Cook, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., CONNOR, BURKE, and MATTHEWS, JJ., and DIMOND, J. Pro. Tem.

OPINION

## PER CURIAM.

Charles Brown was convicted of robbery.[1] The sole issue on appeal is whether the superior court erred in denying Brown's motion to suppress the evidence found inside his car.

On October 4, 1976, Officer Monegan, a patrolman for the Municipality of Anchorage, responded to a call that an armed robbery had just occurred at the Brown Jug liquor store. As Monegan headed eastbound on 43rd Street, he observed a vehicle pull onto the westbound side of 43rd Street. The headlights of the vehicle were bouncing erratically, indicating to Monegan that the vehicle was being driven in excess of a safe speed. The vehicle then approached the intersection at 43rd and Dale Streets and made a left turn without stopping or giving a proper signal. Monegan testified that there was a stop sign at the corner, and that he decided to make a traffic stop.[2]

Once the vehicle made the corner, Monegan pulled behind him and followed the vehicle for another block. Then the officer turned on his emergency equipment, flashing a spotlight, and the vehicle stopped. While following the vehicle, Monegan was receiving further information from the police dispatcher concerning the robbery suspect: a personal description, clothes, and weapon. Before the transmission was finished, the driver, Brown, alighted from his car. Monegan determined that Brown's appearance matched the description of the robbery suspect. He ordered Brown to lie spread-eagled between the two cars. Monegan looked into the vehicle to determine if there was a second suspect in it and found a jacket matching the description of the suspect's jacket and a sawed-off shotgun, which the suspect had allegedly used in the robbery.

1. AS 11.15.240 provides:

> A person who, by force or violence, or by putting in fear, steals and takes anything of value from the person of another is guilty of robbery, and is punishable by imprisonment in the penitentiary for not more than 15 years nor less than one year.

2. After the first motion to suppress was denied, a new hearing was granted on the motion to suppress because newly discovered evidence showed that no stop sign existed at the corner. Nevertheless, the second motion was denied.

Brown was taken into custody and, subsequently, a search warrant was obtained to search the vehicle.

The superior court, acting as the trier of fact, weighed the credibility of all the evidence and witnesses before it. Our appellate role in reviewing the court's determination is limited to deciding whether, viewing the evidence in the light most favorable to the state, there was substantial evidence in the record to uphold the superior court's decision.[3]

██ Monegan testified that the vehicle was traveling at an excessive speed, that the driver failed to give a proper signal, and that the driver failed to stop at a stop sign. Even though there was no stop sign, there was no indication that Monegan deliberately fabricated his testimony. Monegan's initial but incorrect belief that Brown had run a westbound traffic stop sign was reasonable in light of the fact that there was a stop sign at that particular intersection for eastbound traffic. Moreover, based on the excessive speed and the failure to give a turn signal, Monegan was justified in stopping Brown for a traffic violation.

██ Brown contends that the traffic stop was invalid because it was a pretext to seek evidence of another offense. It is true that an arrest (or a traffic stop) should not be used as a pretext for a search.[4] However, we conclude that there is substantial evidence to support the trial court's determination that Brown's vehicle was stopped for a violation of traffic regulations, and that this was not a pretext stop.[5]

The judgment is AFFIRMED.

RABINOWITZ, J., not participating.

---

**3.** *See McKinney v. State,* 566 P.2d 653, 659 (Alaska 1977).

**4.** *See Clark v. State,* 574 P.2d 1261, 1265 (Alaska 1978); *McCoy v. State,* 491 P.2d 127, 138 (Alaska 1971).

**5.** Since we have determined that there was substantial evidence to justify the traffic stop, we need not consider Brown's contention that the stop was not a valid investigatory stop under the standards enunciated in *Coleman v. State,* 553 P.2d 40 (Alaska 1976).