**J. Lee WAY, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–8633.

Court of Appeals of Alaska.

Nov. 5, 2004.

Marcia E. Holland, Assistant Public Defender, Fairbanks, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Timothy W. Terrell, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

COATS, Chief Judge.

A state trooper thought he recognized a van which drove by him as one belonging to the defendant, J. Lee Way. The trooper had heard that Way's van contained a methamphetamine lab. But when the trooper tried to read the license plate on the van, he was unable to read it. The trooper had another officer stop the van, and the troopers discovered the methamphetamine lab and methamphetamine in the van. The State charged Way with misconduct involving a controlled substance in the fourth degree (for possession of methamphetamine). Way moved to suppress the evidence discovered as a result of the traffic stop. The State argued that the troopers could stop Way under a statute which required vehicle license plates to be "maintained in a location and condition so as to be clearly legible." Way contends that the troopers did not have probable cause to stop him for having an illegible license plate and, alternatively, that the stop was illegal because it was a pretext stop made only to allow the police to investigate the methamphetamine lab tip. Superior Court Judge Richard D. Savell found that the troopers had probable cause to stop Way for having an illegible license plate and that the troopers were entitled to stop Way when they were unable to identify the van due to the illegible license plate. We uphold Judge Savell's decision.

### Factual background

At around 1:50 a.m. on May 6, 2002, Alaska State Trooper Patrick Johnson was called to assist in a welfare check at an apartment complex on Bradway Road in Fairbanks.

After completing this task, Trooper Johnson was running checks on the license plates of vehicles in the parking lot. Trooper Johnson had previously requested backup for the welfare check, and Trooper Raymond Evarts was on his way to the scene.

While waiting for Trooper Evarts to arrive, Trooper Johnson observed a blue van traveling east on Bradway Road. Trooper Johnson suspected that this van belonged to J. Lee Way. Trooper Johnson had information that Way's van contained a methamphetamine lab.

Trooper Johnson went out to the roadway to get a look at the van's license plate. It was dark, and Trooper Johnson attempted to use his flashlight to read the plate. Trooper Johnson was about 25 to 30 feet from the plate when he tried to read it. The trooper testified that the van was slowing down to make a left-hand turn. However, the plate was bent upwards and he could not determine the license number.

Trooper Johnson went back to his car and used his radio to request Trooper Evarts to stop the van. Trooper Johnson testified that he ordered the stop because the license plate was illegible and he wanted to know whether the van belonged to Way. He did not tell Trooper Evarts why he wanted the van stopped. Trooper Evarts stopped the van, driven by Way, and Trooper Johnson arrived at the scene shortly thereafter.

Trooper Johnson immediately detected the odor of iodine coming from the van and noticed, in plain view, a small bag of white powder, and items used in the manufacture of methamphetamine. He obtained a search warrant and searched the van. Although the State charged Way with a drug offense, the State never charged Way with having an illegible license plate.

After the State indicted Way, he moved to suppress the evidence found in the van. Judge Savell conducted the evidentiary hearing. Trooper Johnson testified at the hearing. Judge Savell concluded that Trooper Johnson's testimony established that he had probable cause to believe that Way was in violation of the statute which required vehicle license plates to be "maintained in a location and condition so as to be clearly legible." He also concluded that there was no basis to find that the stop was illegal based upon the contention that the stop was a pretext to allow the police to investigate whether the van had a methamphetamine lab. He concluded that because Trooper Johnson had probable cause to believe that Way was violating the law because his license plate was illegible, it did not matter if the trooper subjectively had another reason to stop the van. He also stated that it could not be said that the stop was pretextual. He found that Trooper Johnson had a valid reason to verify whether the van he saw was the van he was investigating by doing a non-intrusive license plate check. When the trooper was unable to do this check because the license plate was illegible, the trooper was authorized to stop the van based on the license plate violation.

*Judge Savell did not err in finding that Trooper Johnson had probable cause to stop Way for having an illegible license plate*

Alaska Statute 28.10.171(b) provides in pertinent part that all vehicle license plates must "be securely fastened to the vehicle ... with the upper edge of the plate horizontal ... and maintained in a location and condition so as to be clearly legible."

■ Way contends that Judge Savell erred in finding that Trooper Johnson had probable cause to stop him for having an illegible license plate. But we are to uphold Judge Savell's findings of fact, including his findings concerning the credibility of witnesses, unless they are clearly erroneous. Judge Savell observed Trooper Johnson testifying at the hearing and found his testimony credible. According to Trooper Johnson's testimony, he was standing beside the roadway attempting to read Way's license plate from a distance of 25 to 30 feet. He testified that he normally would be able to see a license plate from this distance and under these conditions, but he was unable to read Way's license plate. It appears to be uncontested that Way's license plate was mounted at an angle, which would violate the statute's requirement that the plate be secured "with the upper edge of the plate horizontal." Furthermore, it appears to be uncontested

that the license plate was bent upwards. Way contends that, even with these defects, the license plate was legible. But Trooper Johnson testified that it was not. Judge Savell accepted this testimony. Trooper Johnson's testimony established probable cause to believe that Way's van was being driven in violation of the statute.

*Judge Savell did not err in determining that the stop was not pretextual*

■ Way argues that Trooper Johnson ordered the traffic stop on his van to investigate whether Way was in possession of drugs, not to enforce the statute which prohibited having an illegible license plate. Way points to *Brown v. State* [1] where the supreme court stated that "an arrest (or traffic stop) should not be used as a pretext for a search." [2] Way acknowledges that, subsequent to this case, a unanimous United States Supreme Court, in *Whren v. United States,* [3] held that as long as an officer has a lawful reason to make a traffic stop, the stop is permissible under the Fourth Amendment to the United States Constitution. In *Whren,* the Supreme Court held that the officer's subjective intent to use the traffic stop to enforce other laws, such as laws prohibiting the possession of illegal drugs, is irrelevant in determining the lawfulness of the stop. The great majority of courts which have considered the issue have followed the objective standard approved by the Supreme Court in *Whren.* [4] But Way points to the decision of the Washington Supreme Court in *State v. Ladson,* [5] where the court rejected *Whren* under the Washington Constitution's broader privacy protections. [6] The court in *Ladson* concluded that if it allowed "pretextual traffic stops, Washington citizens would

lose their privacy every time they entered their automobiles." [7] The court relied on authority which suggested that almost every driver would violate some kind of traffic regulation whenever they drove a car. [8] The court held that pretextual traffic stops violated the Washington Constitution. The court concluded that in determining whether a stop was pretextual, a judge "should consider the totality of the circumstances, including both the subjective intent of the officer as well as the objective reasonableness of the officer's behavior." [9] Way argues that this court should adopt the *Ladson* reasoning under the Alaska Constitution. [10]

We do not need to determine whether to adopt *Whren* or *Ladson* in order to decide this case. Judge Savell's findings directly reject Way's contention that Trooper Johnson's stop of his van was a pretext. According to Trooper Johnson's testimony, he had information that Way was driving a van which contained a methamphetamine lab. When he saw a van that he thought might belong to Way, he attempted to identify the van by reading the license plate, but was unable to read the license plate because it was illegible. He therefore told Trooper Evarts to stop the van in order to identify it. Judge Savell concluded that since Trooper Johnson was unable to identify the van to determine whether it was the one about which he had information, and because the obstacle to the identification was Way's violation of the statute, Johnson's decision to have the van stopped to check the license plates was not a pretext.

It is reasonable to assume that when the legislature passed a statute requiring vehicle license plates to be clearly legible, the legislature did so in large measure to allow police

---

1. 580 P.2d 1174, 1175 (Alaska 1978).

2. *Id.* at 1176 (footnote omitted, citing *Clark v. State,* 574 P.2d 1261, 1265 (Alaska 1978); *McCoy v. State,* 491 P.2d 127, 138 (Alaska 1971)).

3. 517 U.S. 806, 813, 116 S.Ct. 1769, 1776, 135 L.Ed.2d 89 (1996).

4. *See People v. Robinson,* 97 N.Y.2d 341, 349, 358–60, 741 N.Y.S.2d 147, 767 N.E.2d 638 (N.Y. 2001) (collecting citations to cases in other jurisdictions).

5. 138 Wash.2d 343, 979 P.2d 833 (1999).

6. *Id.* at 837.

7. *Id.* at 842 n. 10.

8. *Id.*

9. *Id.* at 843 (citation omitted).

10. *See* Alaska Constitution Article I § 14; Article I § 22.

officers to readily identify vehicles for legitimate law enforcement purposes. Trooper Johnson testified that he wanted to identify the van that went by him to determine if it was the van that he had heard was involved in drug activity. This was a legitimate law enforcement purpose. Trooper Johnson was prevented from identifying the van because of Way's violation of the license plate statute. Under these circumstances, he was entitled to stop the van to identify it and to enforce the license plate statute. We note that Way has not contended that the police took any pretextual action to expand the stop into a search for drugs. Way apparently concedes that, if the stop was lawful, the police discovery of the drug evidence was also lawful.

We note that the classic pretext search is one where the police follow a suspect based on the theory, as set out by the *Ladson* court, that the suspect will certainly commit a traffic violation within a short period of time which will give the police the opportunity to stop the suspect for the traffic violation and then search the suspect and the vehicle. The case before us is different. The police were not following Way and waiting for a traffic violation. Rather, the police attempted to identify Way's van and were unable to do so because Way's license plate was not legible. Therefore, Way's violation of the statute directly interfered with the ability of the police to identify his van for legitimate law enforcement purposes. The facts in this case simply do not support Way's allegation that this was a pretextual stop. And we specifically reserve judgment on how we would decide the pretext stop issue were it squarely presented to us.

### Conclusion

We conclude that Judge Savell did not err in concluding that Trooper Johnson had probable cause to stop Way's van because his license plates were not clearly legible. We conclude that Judge Savell did not err in determining that Trooper Johnson's stop of Way's van was not pretextual because the stop was based on a legitimate law enforcement objective—to identify the van. We accordingly conclude that Judge Savell did not err in denying Way's motion to suppress.

The judgment of the superior court is AFFIRMED.